UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CHERYL EVANS,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>BRYAN DEN HARTOG,<br><br>　　　　　　Defendant. | 5:16-CV-05060-KES<br><br><br>ORDER DENYING MOTION FOR LEAVE TO SUBSTITUTE EXPERT WITNESS |

Plaintiff, Cheryl Evans, filed this lawsuit against defendant, Bryan Den Hartog, alleging medical negligence based on patient abandonment. Docket 1. The trial is currently scheduled to begin on Tuesday, January 9, 2018. Docket 43. On November 8, 2017, defendant moved for leave to substitute an expert witness (Docket 44), and plaintiff objects to the motion. Docket 48.

**BACKGROUND**

On August 11, 2016, this court entered a scheduling order requiring defendant to designate experts and disclose all expert reports on or before January 9, 2017. Docket 11. And on February 7, 2017, this court entered an amended scheduling order requiring that all discovery, including expert discovery, be completed on or before April 6, 2017. Docket 18.

Defendant designated Dr. Gannon as an expert witness and provided plaintiff with an expert disclosure on January 19, 2017. Docket 46 ¶ 3. On

September 8, 2017, and after consultation with both counsel, this court set the trial date for January 9, 2018. Docket 43. After this court set the trial date, defendant learned that Dr. Gannon would not be available to testify at trial. Docket 46 ¶ 7. On September 27 or 28, 2017, defendant informed plaintiff's counsel, in person, that Dr. Gannon would be unavailable to testify at trial and that defendant would substitute an expert. *Id.* ¶ 8. On November 3, 2017, defendant wrote to plaintiff's counsel requesting permission to substitute an expert witness. *Id.* ¶ 10. On the same day, plaintiff's counsel objected to substituting Dr. Gannon. *Id.* ¶ 14. Defendant filed a motion to substitute his expert witness on November 8, 2017. Docket 44.

## DISCUSSION

Under Federal Rule of Civil Procedure 16(b)(4), '[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. Dana Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "[T]he existence or degree of prejudice to the party opposing the modification" may also affect the court's decision. *Johnson*, 975 F.2d at 609.

Under Rule 6 of the Federal Rules of Civil Procedure, defendant must show excusable neglect for an extension of time. Fed. R. Civ. P. 6(b)(1) Excusable neglect is a four-part test that requires: "(1) the possibility of prejudice to [plaintiff]; (2) the length of [defendant's] delay and the possible

2

impact of that delay on judicial proceedings; (3) [defendant's] reasons for delay, including whether the delay was within [his] reasonable control; and (4) whether [defendant] acted in good faith." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010).

Defendant contends that there is good cause to substitute his expert witness and relies on the decision in *Pierce v. Fremar, LLC*, Civ. No. 09-4066-KES, 2010 WL 5172883 (D.S.D. Dec 14, 2010) to support his argument. Docket 45 at 2-3. In *Pierce*, plaintiff designated her expert witness within the scheduled time frame. *Pierce*, 2010 WL 5172883, at *1. Shortly thereafter, the litigation including discovery was stayed because plaintiff filed for bankruptcy. *Id.* Subsequently, the bankruptcy trustee was substituted for the original plaintiff and the stay was lifted. *Id.* A new scheduling order was entered and plaintiff's expert's deposition was scheduled for August 10, 2010. *Id.* Shortly before the expert's deposition was to commence, the expert informed the plaintiff that he was unwilling to testify as an expert witness because he had a conflict of interest as a creditor in the bankruptcy estate who could potentially recover on his bankruptcy claim if the litigation was successful and he was concerned about his business suffering if he testified against the defendant. *Id.* at *2.

On the day of the scheduled deposition, the plaintiff informed defendant that the expert no longer wished to be an expert witness and the deposition was postponed. *Id.* Plaintiff sought a stipulation from defendants to substitute experts on August 12, 2010, but defendant would not agree. Plaintiff filed a

motion to substitute on August 17, 2010, and included the name and credentials of the proposed new expert. *Id.* When the motion was filed, no trial date had been scheduled. The court found that there was good cause to substitute experts because the original expert refused to serve as an expert witness and plaintiff gave defendants prompt notice of the substitution. *Id.* Additionally, plaintiff showed excusable neglect because defendants made no showing of prejudice since no trial date had been scheduled and plaintiff acted promptly upon learning of the expert's unwillingness to testify. *Id.*

Here, the deadline to designate experts has passed and a trial date in early January is scheduled. Defendant learned around September 27 or 28, 2017, that Dr. Gannon was unavailable to testify at trial but did not seek a stipulation from plaintiff until November 3, 2017. While defendant argues that he told plaintiff's counsel about Dr. Gannon and the need for a substitution in September, he did not formally seek a stipulation and disclose the identity of the replacement until over a month later, which was just two months before the trial date. Also, Dr. Gannon is not refusing to serve as an expert witness, as the expert in *Pierce* did, he is just unavailable to testify in person at trial. Further, the court consulted with the parties prior to setting a trial date, so defendant had the opportunity to consult with his expert regarding his expert's availability to testify in person at trial before a trial date was scheduled. Thus, the court finds that defendant has not shown good cause to allow leave to substitute his expert.

**CONCLUSION**

In accordance with the above opinion, it is

ORDERED that defendant's motion (Docket 44) is denied.

DATED November 22, 2017.

        BY THE COURT:

        */s/ Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE